# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DONALD E. DAVIS,                    )
                                    )
            Petitioner,             )
                                    )
      v.                            )    1:09CV956
                                    )
ALVIN W. KELLER, JR.,               )
                                    )
            Respondent.             )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 9, 1988, in the Superior Court of Randolph County, Petitioner was convicted of first-degree sexual offense in case 88 CRS 3249, and was sentenced to life imprisonment. (Docket Entry 8, Ex. 1.) Petitioner did file a direct appeal, but the North Carolina Court of Appeals found no error in the proceedings. (Id., Ex. 2.) The North Carolina Supreme Court denied certiorari on December 5, 1990. (Id., Ex. 3.) Nothing further appears in the state court records until November 2, 2007, when Petitioner sent a pro se motion for appropriate relief to the state trial court. (Id., Ex. 4.) That motion was summarily denied. (Id., Ex. 5.) Following further fruitless attempts at receiving relief in the state courts, Petitioner submitted his Petition in this Court. It is dated as having been mailed on December 3, 2009, and was received by the Court on December 11, 2009. (Docket Entry 2.) Respondent has moved to dismiss the Petition as outside the applicable statute of

limitation (Docket Entry 7), Petitioner has filed two responsive documents (Docket Entries 10, 11), and Respondent's Motion to Dismiss now comes before the Court for a recommended ruling.

## **Petitioner's Claims**

Petitioner raises a number of claims for relief in his Petition: (1) the State did not disclose all evidence to Petitioner, including a doctor's report, a police report, and a Social Services report, (2) Petitioner received a life sentence with no evidence to support his conviction, (3) Petitioner must serve more time on his life sentence than other inmates serving life sentences under different North Carolina sentencing laws, (4) law enforcement officials failed to tell Petitioner about the fact of his arrest or the nature of the charge and to take him before a magistrate, (5) Petitioner never received a probable cause hearing, (6) Petitioner's attorney and the prosecutor denied him the chance to have a key witness testify at trial, (7) Petitioner's right to a speedy trial was violated, (8) Petitioner's attorney did not object to the prosecutor bolstering and vouching for a witness and expressing his personal opinions, (9) Petitioner's attorney let the prosecutor's office do whatever it wanted to keep him from getting a fair trial, (10) Petitioner was denied appointed counsel on appeal, (11) the prosecutor, the investigating detective, the trial judge, and Petitioner's attorney all engaged in obstruction of justice, and (12) the trial judge deprived Petitioner of a fair trial as a result of bias against sex offenders.

**Discussion**

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. See Lindh v. Murphy, 521 U.S. 320 (1997).

In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court declines to consider this matter further.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, Petitioner's conviction became final when his time for seeking certiorari from the United States Supreme Court expired 90 days after the North Carolina Supreme Court denied certiorari in his case. See S. Ct. R. 13; Harris v. Hutchinson, 209 F.3d 325, 328 & n.1 (4th Cir. 2000). That date, on or about March 5, 1991, passed more than five years before the time limits in AEDPA became effective on April 24, 1996. Because his conviction became final before AEDPA's effective date, Petitioner had one year after

AEDPA's effective date, or until April 24, 1997, to file his petition. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). The Petition, however, was not filed until December 3, 2009, more than twelve and a half years after the generally applicable deadline for Petitioner to bring an action under § 2254.

Petitioner did make certain state collateral filings, which generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Petitioner, however, did not make any filings in the state courts until 2007, ten years after his time to file a federal habeas claim already had expired. State filings made after the AEDPA time limit has passed do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000).

Petitioner neither disputes the foregoing time-line nor claims that his Petition is timely under § 2244(d)(1), but he does list reasons why he believes the Court should consider the Petition despite its untimeliness. The Court will treat these arguments as a request for equitable tolling. See Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). First, Petitioner asserts that his rights were "horrendously violated" when he was sent to prison for life by persons who cared "about nothing but advancing their careers." (Docket Entry 2, ¶ 18(1).) This argument focuses on the merits of Petitioner's claims and the nature of his punishment — matters that

cannot provide a basis for equitable tolling. See Rouse v. Lee, 339 F.3d 238, 251-56 (4th Cir. 2003).

Second, Petitioner complains that he had to prepare the Petition himself and "just recently got ahold [sic] of some law books[,] discovering all of [his] legal rights." (Docket Entry 2, ¶18(2).) Unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Moreover, Petitioner has failed to show that he acted with the level of diligence required to support an equitable tolling claim. See generally Holland, 130 S.Ct. at 2562. Indeed, he allowed nearly 17 years to pass between the end of his direct appeal and his first attempt at collateral relief in the state courts, a fact that shows an absence of appropriate diligence.

Third, Petitioner observes that he had already been imprisoned for eight years when AEDPA was passed. (Docket Entry 2, ¶ 18(3).) As noted above, AEDPA time limits apply to all petitions filed after its effective date. Ignorance of the law does not excuse the late filing. See Sosa, 364 F.3d at 512.

Fourth, Petitioner asserts that if the prosecutor, Petitioner's attorney, an investigating officer, and the state courts had acted properly, Petitioner would not be imprisoned. (Docket Entry 2, ¶ 18(4).) This argument merely represents a reformulation of his first equitable tolling argument and, like that contention, fails to provide any basis to excuse the Petition's untimeliness.

As a final matter, in Petitioner's response in opposition to Respondent's instant motion, he appears to raise a fifth argument, that of actual innocence. (Docket Entry 10.) Petitioner does not develop this argument, except by citing the alleged lack of physical evidence against him and reiterating some of the claims in his Petition regarding witnesses at his trial. (Docket Entry 11 at 2-3.) Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. See Schlup v. Delo, 513 U.S. 298, 313-15 (1995). A significant question exists as to whether a claim of "actual innocence" could relax AEDPA's statute of limitation. Compare Souter v. Jones, 395 F.3d 577, 597-602 (6th Cir. 2005) (recognizing an actual innocence exception) with Escamilla v. Junqwirth, 426 F.3d 868, 871-72 (7th Cir. 2005) (ruling that actual innocence has no bearing on time-bar).

If such an exception exists, the threshold for meeting it is extremely high. Petitioner must produce new evidence showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. Also, Petitioner would have to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner has not come close to meeting this standard. He points to no new evidence and fails to cite record materials sufficient to support a claim of factual innocence.

In sum, the Petition is untimely,

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 7) be **GRANTED**, that the Habeas Petition (Docket Entry 2) be **DENIED**, and that Judgment be entered **DISMISSING** this action.


                                        /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                   **United States Magistrate Judge**

September 30, 2010